J-S24043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS FRANCIS WAINMAN, JR. | : | |
| | : | |
| Appellant | : | No. 1418 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 2, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000640-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS FRANCIS WAINMAN, JR. | : | |
| | : | |
| Appellant | : | No. 1428 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 2, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004839-2020

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: SEPTEMBER 26, 2023**

Appellant, Thomas Francis Wainman, Jr., appeals from the judgment of

sentence entered in the Court of Common Pleas of Lancaster County after a

jury convicted him on one count of stalking[1] at docket number CP-36-4839-

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709.1(a)(1).

2020 and one count each of stalking[2] and defiant trespass[3] at docket number CP-36-640-2021 for a course of conduct directed at his next-door neighbors. Sentenced to consecutively-run, aggravate range sentences, Appellant challenges the sufficiency of the evidence and the discretionary aspects of his sentence. After careful review, we affirm based on the trial court's comprehensive opinion denying Appellant's post-sentence motions.

The underlying facts of the present case begin with Appellant's actions occurring from the months of May through September of 2020, when he persisted in behavior against his next-door neighbors that led to a series of charges filed against him. Specifically, a May 14, 2020, incident led police to charge him with summary harassment on May 19, 2020, a charge on which he was found guilty on July 31, 2020. Trial Court Opinion, 9/6/2022, at 1.

The September 21, 2020, charge of stalking under docket 4839-2020 was based on an escalation in Appellant's fixation with the neighbors manifesting with his "walking the property line between the two homes at night with a flash light; removing a wooden [survey] stake from the [family's] property without consent; throwing a brown substance over the back corner of the [family's] yard without consent, killing the grass; placing chairs on the property line and staring directly into the windows and backyard of the [family's] home; and shining bright lights and pointing security cameras into the [family's] home." TCO at 2. Particularly disturbing was an eyewitness

---

[2] 18 Pa.C.S.A. § 2709.1(a)(1).
[3] 18 Pa.C.S.A. § 3503(b)(1).

account of Appellant repeatedly swinging a sledgehammer into the ground while yelling that he hated one of the family members and, on another occasion, testimony that he followed the family's daughters in his car while flashing his high beams at them. N.T. (trial), Vol III, 2/11/22, at 535-550. Such accounts generated police and court orders directing Appellant to avoid any contact with the neighboring family or their property.

Appellant ignored these orders and admonitions on December 12, 2021, when he entered the neighboring family's property and made multiple trips onto the front porch, ostensibly to deliver packages in the scope of his employment with UPS. N.T. (trial), Vol II, at 263. The family watched from their security cameras as Appellant drove off before circling back, parking the vehicle near the family's driveway, staring at the family's front door with his window down. The daughter who opened the door to retrieve the packages testified that Appellant and she made eye contact multiple times before she finished the task. Only then, she testified, did Appellant "speed away." N.T. at 268, 552. For this conduct, Appellant was charged with stalking and defiant trespass at docket 640-2021.

On February 14, 2022, following a four-day consolidated trial, a jury found Appellant guilty on two counts of stalking and one count of defiant trespass. On May 2, 2022, the trial court, proceeding with the benefit of a pre-sentence investigation report, imposed two aggravated range guideline sentences of five and on-half to 11 months' incarceration, and ordered that

they run consecutively, for an aggregate sentence of 11 to 22 months'
incarceration.

On May 12, 2022, Appellant filed a timely post-sentence motion positing
that the verdict was against the weight or, in the alternative, the sufficiency
of the evidence, and that the court abused its sentencing discretion in
imposing manifestly excessive, aggravated range sentences. By order of
September 6, 2022, the trial court denied Appellant's post-sentence motion.
This timely appeal follows.

Appellant raises the following two issues for this Court's consideration:

I.     Was the evidence presented by the Commonwealth
       insufficient to prove beyond a reasonable doubt that
       [Appellant] was guilty of Count 1, Stalking, pursuant to 18
       Pa.C.S.A. § 2709.1 on docket 640-2021 where there was
       insufficient evidence that [Appellant] acted with the intent
       to place the victims in reasonable fear of bodily injury or
       cause substantial emotional distress?

II.    Did the trial court abuse its discretion by imposing
       sentences on both dockets at the top of the aggravated
       ranges of the sentencing guidelines without acknowledging
       it was doing so or providing sufficient justification for doing
       so and further abused its discretion by imposing said
       sentences consecutively resulting in a sentence that was so
       manifestly excessive to constitute too severe a punishment
       and was not consistent with the protection of the public, the
       gravity of the offenses and the rehabilitative needs of Mr.
       Wainman?

Brief for Appellant, at 6-7.

After reviewing the parties' briefs, the relevant case law, and the record
on appeal, we rely on the cogent and comprehensive September 6, 2022,
opinion authored by the Honorable David L. Ashworth, President Judge of the

Court of Common Pleas of Lancaster County, to affirm Appellant's judgment of sentence. *See* Post-Sentence Motions Opinion, 9/6/22, at 3-14 (finding verdict supported by sufficient evidence), 16-21 (imposing consecutively-run sentences in the aggravated guideline range did not reflect an abuse of discretion where the trial court explained its reasons for doing so on the record, which included, *inter alia*: Appellant's "utter fail[ure]" to acknowledge his guilt or indicate he acted inappropriately; his persistent blaming of everyone else but himself; his disturbing conduct in stalking his neighbors after the harassment conviction; his filing of complaints against his neighbors with the Attorney General's Office, who quickly cleared the neighbors of any wrongdoing; writing post-trial letters to the court and the district attorney seeking re-litigation and including private information about his neighbors, deemed inappropriate "deep digging" by the Commonwealth and the trial court; and maintaining an obsessive attitude toward his neighbors that justified the present sentence as an attempt to mitigate the possibility of immediate retaliation against the family; and Appellant was not entitled to a volume discount for his separate criminal acts).

We instruct the parties to attach a copy of President Judge Ashworth's decision in the event of further proceedings in the matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/26/2023